IN THE UNITED STATES COURT OF FEDERAL CLAIMS

EDUCATION CREDITOR TRUST, et al.,   )
                                  )
           Plaintiffs,         )
                                  )
      v.                      )     No. 24-775C
                                  )     (Senior Judge Eric G. Bruggink)
THE UNITED STATES,         )
                                  )
          Defendant.       )

## DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

The allegations contained in the first unnumbered paragraph on page 1 of plaintiffs' complaint constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

1.      Admits the allegations contained in paragraph 1 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

2.      The allegations contained in paragraph 2 constitute plaintiffs' characterization of their case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3.      Denies the allegations contained in the first and second sentences of paragraph 3.  The allegations contained in the third sentence of paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4.      The allegations contained in paragraph 4 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5.      Admits.

6.      Denies the allegations in the first, third, and fourth sentences of paragraph 6. Admits the allegation contained in second sentence of paragraph 6 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.

7.      The allegations contained in paragraph 7 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8.      Denies the allegation contained in the first sentence of paragraph 8.  Denies the allegations contained in the second and third sentences of paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the fourth sentence of paragraph 8.

9.      Denies the allegations contained in paragraph 9, including footnote 4, for lack of knowledge or information sufficient to form a belief as to their truth.

10.      Admits the allegation contained in first sentence of paragraph 10.  Denies the allegation contained in the second sentence of paragraph 10.

11.      Denies the allegation in the opening clause of the first sentence of paragraph 11; the remaining allegation contained in the first sentence of paragraph 11 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Denies the allegation contained in the second sentence of paragraph 11. The allegation contained in the third sentence of paragraph 11 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

12.      Admits the allegations contained in the first and fourth sentences of paragraph 12.  Denies the allegations in the second, third, and fifth sentences of paragraph 12.

13.    Admits the allegations contained in the first sentence of paragraph 13 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  The allegation referring to "millions of dollars spent on non-Permissible Uses" in the second sentence of paragraph 13 is a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied; denies the remaining allegations in the second sentence of paragraph 13.

14.    Denies the allegations contained in the first and second sentences of paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegation contained in the third sentence of paragraph 14.

15.    The allegations contained in the first and third sentences of paragraph 15 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the opening clause of the second sentence of paragraph 15 for lack of knowledge or information sufficient to form a belief as to its truth; the allegation referring to whether the Department "complied with the Permissible Uses" in the second sentence of paragraph 15 is a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied; denies the remaining allegations in the second sentence of paragraph 15.

16.    The allegations contained in paragraph 16 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17.    Admits the allegation contained in paragraph 17 concerning the nature of what the complaint alleges; the remaining allegations constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18.     Denies the allegation contained in the first sentence of paragraph 18 for lack of knowledge or information sufficient to form a belief as to its truth.  The allegations contained in the second sentence of paragraph 18 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19.     Admits the allegation in the first sentence of paragraph 19 that U.S. Bank National Association is identified as the "Administrative Agent and Collateral Agent" under the Credit Agreement; denies the allegation in the first sentence of paragraph 19 that plaintiff, Education Creditor Trust, is among the "Lenders" or "Requisite Lenders" under the Credit Agreement; and otherwise denies the remaining allegations in the first sentence of paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.  Denies the allegation contained in the second sentence of paragraph 19 related to what was "conveyed to U.S. Bank" for lack of knowledge or information sufficient to form a belief as to its truth; denies the allegation in the second sentence of paragraph 19 that plaintiff, Education Creditor Trust, is among the "Lenders" under the Credit Agreement; and admits the remaining allegations contained in the second sentence of paragraph 19 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations. Admits the allegation contained in the third sentence of paragraph 19 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.  The allegation contained in the fourth sentence of paragraph 19 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

20.     Denies the allegation in the first sentence of paragraph 20 that plaintiff, Education Creditor Trust, is among the "Lenders"; and admits the remaining allegations

4

contained in the first sentence of paragraph 20 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations. Admits the allegation contained in the second sentence of paragraph 20, including footnote 5, to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegation.

21.    Admits.

22.    Denies the allegation contained in the first clause of the first sentence of paragraph 22 as to when EDMC was founded and that part of the second clause of the first sentence of paragraph 22 as to how long it has operated post-secondary educational institutions for lack of knowledge or information sufficient to form a belief as to their truth; admits that part of the second clause of the first sentence of paragraph 22 alleging that EDMC has operated post-secondary educational institutions across North America. Denies the allegations contained in the second sentence of paragraph 22, but avers that EDMC operated through four major groups comprised of Argosy University, the Art Institutes, Brown Mackie College, and South University, and that Western State University College of Law was an additional location under Argosy rather than a standalone school group.

23.    Admits.

24.    Admits the allegations contained in paragraph 24, including footnote 6, to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

25.    Admits the allegations contained in paragraph 25 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

26.    Admits the allegations contained in the first and third sentences of paragraph 26 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations. Denies the allegation contained in the second sentence of paragraph 26 for lack of knowledge or information sufficient to form a belief as to its truth.

27.    Admits the allegations contained in the first sentence of paragraph 27 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations. The allegation contained in the second sentence of paragraph 27 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

28.    Admits the allegations contained in the first, second, third, fourth, and fifth sentences of paragraph 28 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations. The allegations contained in the sixth sentence of paragraph 28 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29.    Denies the allegations contained in the first and second sentences of paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in third sentence of paragraph 29 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.

30.    The allegation contained in the first sentence of paragraph 30 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Denies the allegation contained in the second sentence of paragraph 30 that the BNP Letter of Credit makes reference to "Permissible Uses"; and admits the

6

remaining allegations contained in the second sentence of paragraph 30 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

31.     The allegations contained in paragraph 31 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32.     The allegation contained in the first sentence of paragraph 32 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits the allegation contained in the second sentence of paragraph 32 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.

33.     The allegation contained in paragraph 33 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

34.     Denies the allegations contained in paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth.

35.     Admits the allegations contained in the first sentence of paragraph 35 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  Related to the second sentence of paragraph 35, avers that, on or about October 17, 2017, Dream Center purchased Argosy University (including Western State University College of Law), South University, Miami International University of Art & Design, the Art Institute of Houston, the Art Institute of Atlanta, the Art Institute of Seattle, the Art Institute of Portland, the Art Institute of Fort Lauderdale, and the Art Institute of Phoenix.  Related to the third sentence of paragraph 35, avers that, on or about January 19,

7

2018, Dream Center purchased the Art Institute of Colorado, the Illinois Institute of Art, the Art Institute of Philadelphia, and the Art Institute of Pittsburgh.

36.     Denies the allegations contained in paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth.

37.     Denies the allegations contained in the first and second sentences of paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth.  Denies the allegations in the third sentence of paragraph 37.

38.     Denies the allegations contained in the first and third sentences of paragraph 38.  Denies the allegations contained in the second sentence of paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth.

39.     Denies the allegation contained in the first sentence of paragraph 39 that "the Lenders agreed"; and admits the remaining allegations in paragraph 39.  Related to the allegations contained in the second sentence of paragraph 39 and the associated footnote 9, avers that the letter from Joseph Smith at the Department to Brent Richardson at Dream Center is dated October 5, 2017, not October 15, 2017; and admits the remaining allegations contained in the second sentence of paragraph 39 to the extent supported by the October 5, 2017 letter cited, which is the best evidence of its contents; otherwise denies the allegations.

40.     Denies the allegation contained in the first sentence of paragraph 40 for lack of knowledge or information sufficient to form a belief as to its truth.  Denies the allegation contained in the first clause of the second sentence of paragraph 40 related to an "agreement" for lack of knowledge or information sufficient to form a belief as to its truth; and admits the remaining allegations in the second sentence of paragraph 40 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

41.    Admits the allegations contained in paragraph 41 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

42.    Admits the allegations contained in paragraph 42 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.

43.    Denies the allegations contained in the first sentence of paragraph 43 related to "Plaintiff U.S. Bank" in connection with "its capacity as Agent" and its actions related to the foreclosure for lack of knowledge or information sufficient to form a belief as to their truth; denies the allegations contained in the first sentence of paragraph 43 that plaintiff, Education Creditor Trust, is among the "Lenders" under the Credit Agreement; the remaining allegations contained in the first sentence of paragraph 43 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits that part of the second sentence of paragraph 43 alleging that, "on or about June 26, 2018, EDMC commenced a proceeding pursuant to chapter 7 of the United States Bankruptcy Code," and denies the remaining allegation in the second sentence for lack of knowledge or information sufficient to form a belief as to its truth.

44.    Denies the allegation contained in the first sentence of paragraph 44 for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegations contained in the second sentence and associated footnote 11 of paragraph 44 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations. Denies the allegation in the third sentence of paragraph 44 that the Letter of Credit Draw Request refers to "Permitted Uses"; and admits the remaining allegations in the

third sentence of paragraph 44 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

45.     The allegations contained in paragraph 45 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

46.     Denies the allegations contained in the first and second sentences of paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained in the third and fourth sentences of paragraph 46 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

47.     Denies that part of the first sentence of paragraph 47 referring to actions taken by the Department "consistent with the agreements among the relevant parties," and admits the remaining allegations contained in the first sentence of paragraph 47 and the associated footnote 12 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  The allegations contained in the second sentence of paragraph 47 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegation contained in the third sentence of paragraph 47 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.  Denies the allegation contained in the fourth sentence of paragraph 47 as to what "EDMC and the Lenders continued to expect" for lack of knowledge or information sufficient to form a belief as to its truth.  Denies the allegations in the fifth sentence of paragraph 47.  Admits the allegation in the sixth sentence of paragraph 47.

48.     Denies the allegations contained in the first sentence of paragraph 48 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegation contained in the second sentence of paragraph 48 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

49.     Admits the allegation in the first sentence of paragraph 49.  Related to the allegation contained in the second sentence of paragraph 49, avers that, in January 2019, Dream Center sold South University, the Art Institute of Atlanta, the Art Institute of Houston, and the Miami International University of Art & Design to Education Principle Foundation.

50.     Denies the allegation in the first sentence of paragraph 50 that Letter of Credit Proceeds "were being held by the Department for the benefit of Plaintiffs," and admits the remainder of the allegations contained in the first sentence of paragraph 50 and associated footnotes 16 and 17 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.  Denies the allegation contained in the second sentence of paragraph 50 referring to "counsel to certain of the Lenders (including certain of Plaintiff Education Creditor Trust's predecessors in interest) and to Studio Enterprises (the operator appointed by EPF to manage the schools it had purchased from Dream Center)" for lack of knowledge or information sufficient to form a belief as to its truth; and admits the remaining allegation contained in the second sentence of paragraph 50 to the extent supported by the document cited, which is the best evidence of its content; otherwise denies the allegation.

51.     Admits the allegations contained in paragraph 51 to the extent supported by the documents cited, which are the best evidence of their content; otherwise denies the allegations.

52.     Admits the allegation in the first sentence of paragraph 52.  Denies the allegation contained in the second sentence of paragraph 52 referring to schools that "remained open with a donation from certain of the Lenders through the end of the semester to allow graduating students to become eligible to sit for the bar exam" for lack of knowledge or information sufficient to form a belief as to its truth; and avers related to the remaining allegations in the second sentence of paragraph 52 that Argosy's Western State University College of Law, the Art Institute of Las Vegas, and two locations of South University remained open.

53.     The allegation contained in paragraph 53 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

54.     The allegations contained in paragraph 54 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

55.     Admits the allegations contained in paragraph 55 to the extent supported by the document cited, which is the best evidence of its content; otherwise denies the allegations.

56.     Admits the allegations contained in the first sentence of paragraph 56 to the extent supported by the document cited, which is the best evidence of its content; otherwise denies the allegations.  That part of the second sentence of paragraph 56 alleging "[i]n addition to this constituting a breach of the contract" constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied; and admits that the OIG Report "found that the Department's use of Letter of Credit Proceeds in this manner was 'unprecedented, and neither the Department nor [Federal Student Aid] had policies or procedures' providing for letter of credit funds to be used to pay operating

expenses for schools that had not closed." Related to the parenthetical following the second sentence of paragraph 56, denies the allegation that page 86 of the OIG Report states that "government employees and attorneys 'acknowledged that the terms of [EDMC's] letters of credit required the proceeds to be used only' for the Permitted Uses." Denies the third sentence of paragraph 56.

57.     Denies the allegations in paragraph 57.

58.     Admits the allegations contained in paragraph 58 to the extent supported by the document cited, which is the best evidence of its content; otherwise denies the allegations.

59.     Admits the allegation contained in the first sentence of paragraph 59 to the extent supported by the document cited, which is the best evidence of its content; otherwise denies the allegation. The allegation contained in the second sentence of paragraph 59 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

60.     Admits the allegations contained in paragraph 60 to the extent supported by the documents cited, which are the best evidence of their content; otherwise denies the allegations.

61.     Admits the allegations contained in the first, second, and third sentences of paragraph 61 to the extent supported by the documents cited, which are the best evidence of their content; otherwise denies the allegations. Denies the allegation in the fourth sentence of paragraph 61. The allegation contained in the fifth sentence of paragraph 61 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

62.     The allegations contained in paragraph 62 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

63.     Related to the first sentence of paragraph 63, avers that the Department and a representative of the Lenders and their counsel have engaged in good faith discussions to resolve the Lenders' claim to the Letter of Credit proceeds and related to their claim regarding the Department's use and retention thereof; otherwise denies the allegation.  Admits the allegation in the second sentence of paragraph 63 to the extent that plaintiffs intended to allege that "those discussions did not result in a consensual resolution of the issues"; otherwise, denies the allegation.  The allegation contained in the third sentence of paragraph 63 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

64.     Defendant's responses to paragraphs 1 through 63 of the complaint are incorporated by reference.

65.     The allegation contained in paragraph 65 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

66.     The allegations contained in paragraph 66 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

67.     Admits that part of the first sentence of paragraph 67 alleging that, "[i]n accordance with the PPAs, EDMC obtained the BNP Letter of Credit" to the extent supported by the document cited, which is the best evidence of its content; otherwise denies the allegation; and denies the remaining allegation in the first sentence of paragraph 67.  The

14

allegations contained in the second, third, fourth, and sixth sentences of paragraph 67 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegation in the fifth sentence of paragraph 67.

68. The allegation contained in paragraph 68 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

69. The allegations contained in paragraph 69 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

70. The allegation contained in paragraph 70 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

71. The allegation contained in paragraph 71 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

72. The allegation contained in paragraph 72 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

73. Defendant's responses to paragraphs 1 through 72 of the complaint are incorporated by reference.

74. The allegation contained in paragraph 74 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

75. The allegation contained in paragraph 75 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

76.      The allegations contained in paragraph 76 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

77.      The allegation contained in paragraph 77 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

78.      The allegation contained in paragraph 78 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

79.      The allegation contained in paragraph 79 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

80.      Defendant's responses to paragraphs 1 through 79 of the complaint are incorporated by reference.

81.      The allegations contained in paragraph 81 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

82.      The allegation contained in paragraph 82 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

83.      The allegation contained in paragraph 83 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

84.      The allegations contained in paragraph 84 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

85.     The allegations contained in paragraph 85 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

86.     The allegations contained in paragraph 86 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

87.     Page 33 of the complaint contains plaintiffs' prayer for relief, to which no response is required.

88.     Denies each and every allegation not previously admitted or otherwise qualified.

89.     Denies that plaintiffs are entitled to the relief set forth in the prayer for relief on page 33 of the complaint, or to any relief whatsoever.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General


PATRICIA M. MCCARTHY
Director


/s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

OF COUNSEL:

DONNA MANGOLD
Deputy Assistant General Counsel
Department of Education

JACOB LALLO
General Attorney
Department of Education

/s/Antonia R. Soares
ANTONIA R. SOARES
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
PO Box 480, Ben Franklin Station
Washington, D.C.  20044
(202) 305-7405 (Telephone)
antonia.soares@usdoj.gov

March 28, 2025

Attorneys for Defendant