# In the United States Court of Federal Claims

No. 24-775

(Filed: September 3, 2025)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

EDUCATION CREDITOR TRUST, et al.,

*Plaintiffs*,

v.

THE UNITED STATES,

*Defendant*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PROTECTIVE ORDER

To guide and streamline the parties' discovery in this case, the Court enters the following Protective Order.

Nothing contained in this order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Material consistent with this protective order, prevent or limit in any way the use of the documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

Nothing in this protective order shall be deemed to preclude plaintiffs, the United States, or third parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this protective order.

### SECTION I: ORDER IMPLEMENTING FED. R. EVID. 502(D)

Pursuant to the agreement of the parties, the authority granted this Court under Fed. R. Evid. 502(d), and its inherent authority to control its proceedings, it is hereby ordered that a party's disclosure, in connection with this litigation, of any

communication or information covered by the attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), governmental privileges such as the deliberative process privilege, or any other applicable privilege, shall not constitute a waiver of such privilege or protection either in this litigation or in any other federal or state proceeding.

## SECTION II: CLAWBACK OF MATERIAL CLAIMED AS PRIVILEGED

If a party determines that it has produced information it asserts is protected by the attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), governmental privileges such as the deliberative process privilege, or any other applicable privilege, the producing party shall give notice in writing that the document is to be returned. The party receiving a request for the return of privileged information shall immediately "dispose of" the document and all copies, as defined below, and treat the information as protected until agreed upon otherwise by the parties or determined by the Court to be not protected. To "dispose of" means to return the information to the producing party or, with the consent of the producing party, destroy it, and to notify the producing party that it has done so. If a party objects to a claim of privilege, the objecting party shall make a good-faith effort to resolve the dispute with opposing counsel before involving the Court.

## SECTION III: PRIVACY ACT INFORMATION

The Privacy Act generally prohibits defendant from disclosing certain information covered by that Act to parties to whom the information does not "pertain[]," without obtaining consent of the individuals to whom the information pertains and without providing notice to such individuals. 5 U.S.C. § 552a(b); see also id. § 552a(d)(1). This prohibition does not apply when disclosure is authorized "pursuant to the order of a court of competent jurisdiction[.]" Id. § 552a(b)(11). In this case, plaintiffs have requested that defendant produce information concerning the liabilities of the school owners at issue in this case, which includes student borrower information that may contain student names and social security numbers—disclosures covered by the Privacy Act. To facilitate the exchange of such information and to promote the "just, speed, and inexpensive determination" of this action, see RCFC 1, the Court orders and authorizes defendant to disclose Privacy Act material required or allowed by the Rules of this Court without first obtaining permission from the parties to whom the information pertains. Such disclosures shall be deemed authorized by law, see 5 U.S.C. § 552a(b)(11), and are

subject to the restrictions set forth in Section IV of this order, which will help to ensure that disclosed information, otherwise protected by the Privacy Act, is used appropriately during the course of this litigation by limiting its disclosure to certain authorized individuals and providing procedures to be followed with respect to the information.

## **SECTION IV: ORDER CONCERNING CONFIDENTIAL MATERIAL**

### A.     **Purpose and Scope.**

1.     This section of this Order establishes rules and procedures for exchanging and identifying materials as Confidential Information for the purpose of affording them a level of confidentiality that might otherwise inhibit their exchange. "Confidential Information" means information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by the Producing Party because: (a) it is personal, financial, or other private information relating to an individual that is subject to the Privacy Act, other laws limiting the disclosure of personal information, or would properly be redacted from any public court filing pursuant to RCFC 5.2; or (b) the producing party has a good faith belief that the information is sensitive business or operational information.

2.     Except as otherwise provided in this order, Confidential Information shall be used solely for the purposes of this litigation, including any subsequent appeals, and shall not be disclosed to the public or any other person or entity for any reason other than for purposes of litigating this case, including any subsequent appeals. Except as the parties may agree, confidential information may be presented to the Court only under seal.

3.     This Section does not add any condition to nor limit in any way the protections afforded by Section I ("Order Implementing Fed. R. Evid. 502(d)") or Section II ("Clawback") of this Order.

### B.     **Limitations on Scope.**

1.     Except to the extent the Privacy Act might provide otherwise, the protections conferred by this Order on Confidential Information do not cover any information (i) properly in the public domain; (ii) that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record in

3

this Action through trial or otherwise; or (iii) known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

      2.      Nothing in this Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Order.

      3.      Nothing contained in this Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Information consistent with this Order, prevent or limit in any way the use of such documents or information in any proceeding regarding any potential violation of law or regulation, except as authorized by law.

      **C.**      **Definitions.**

      1.      "Disclose" (or forms thereof) means to distribute, provide, or otherwise make available for access, viewing, or copying. Restrictions on disclosure apply to a covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Order.

      2.      "Dispose" means to take reasonable steps either to (a) destroy or delete all items designated as Confidential Information or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes or similar storage systems need not be immediately deleted or destroyed; instead, such materials may be overwritten or otherwise destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access to the persons necessary to conduct routine information systems and cybersecurity functions.

   3. "Challenging Party" means any party who challenges the designation of information as Confidential Information under this Order.

   4. "Day" means calendar day unless otherwise specified.

   5. "Designating Party" means the party or other person producing in discovery in the Action any information that the Producing Party seeks to designate and have treated as Confidential Information pursuant to this Order.

   6. "Document" means all items listed in RCFC 34(a)(1)(A) & (B).

   7. "Producing Party" means the person or party producing in discovery in the Action.

   8. "Receiving Party" means any party who receives information that has been designated as Confidential Information.

### D. Individuals Permitted Access to Confidential Information.

   1. Except as otherwise provided in this Order, a Receiving Party may disclose Confidential Information only to the individuals identified in this section and only for the purpose of this litigation. Any person receiving Confidential Information is subject to this Order.

   2. Counsel and Staff. The parties' counsel may access Confidential Information without further action. Those employed by counsel, their offices, or their firms may be given access to Confidential Information by such counsel, but only after they have been informed by counsel of the obligations imposed by this Order.

   3. Other Support Personnel. Other support personnel, including paralegals, clerical, consultants, court reporters, copying services, and administrative support personnel assisting counsel may access Confidential Information, but only after they are informed of and agree to abide by the terms of this Order and acknowledge their agreement by signing and submitting to counsel Attachment A.

   4. Others Assisting Counsel.  Independent consultants and experts assisting counsel in connection with this litigation, and witnesses to whom,

5

for the purposes of this litigation, plaintiffs' counsel deems disclosure to be advisable may access Confidential Information, but only after they are informed of and agree to abide by the terms of this Order and acknowledge their agreement by signing and submitting to counsel Attachment A.

5. Others Requiring Access. If a party's counsel wishes to disclose Confidential Information to any person other than those indicated in this section, plaintiffs' counsel must obtain the Producing Party's consent in writing, and then may access Confidential Information, but only after they are informed of and agree to abide by the terms of this Order and acknowledge their agreement by signing and submitting to counsel Attachment A.

6. The Court, Department of Justice, and Agency Personnel. Personnel of the Court, the Department of Justice, and affected agency are entitled to access to Confidential Information without further action.

## SECTION V: PRODUCTION AND FILING OF PROTECTED INFORMATION

### A. Production of Confidential Information.

1. Prior to producing a document, a producing party may identify Confidential by affixing on each page of a printed document or on the disc or cover of any removable electronic media a Confidential Information Legend, i.e., the following or substantially similar language: PROTECTED/CONFIDENTIAL MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDER.

2. For any other medium, the Confidential Information Legend must be placed by any method that conspicuously identifies the fact that it is or contains Confidential Information.

3. For responses to written discovery requests, place the Confidential Information Legend within each response.

4. For depositions, a party may identify Confidential Information verbally on the record. Within 30 days of notice of availability of the official deposition transcript, the party making an assertion of Confidential Information will inform the other party of the specific pages and lines of the transcript and/or any

exhibits that should be treated as Confidential Information.

5. Correcting Failure to Mark. If a Producing Party fails to designate information it intends to have treated as Confidential Information, it shall promptly provide written notice to the Receiving Party. The document or information will then be subject to the provisions of this Order, provided that within ten days of such notice to the other party, the Producing Party provides a new version of the information. Within 15 days of receipt of the new version, the Receiving Party shall dispose of the original information.

### B. Filing Confidential Information.

1. Submissions to the Court containing Confidential Information must be in two versions, a confidential version under seal and a redacted, public version. The title page and each page containing Confidential Information, including those filed electronically, shall be clearly marked with the Confidential Information legend.

2. Redaction of Public Documents. The redacted, public version shall be filed electronically within seven calendar days of the filing of the confidential version under the Court's electronic case filing system. Redactions in the public version shall be marked with the Confidential Information legend.

3. Filing Under Seal. The Court's approval and entry of this Order shall constitute authority for the Parties to file Confidential Information under seal without the necessity of filing a separate motion. Parties filing Confidential Information under seal pursuant to this Order shall reference this Order in the pleading accompanying such documents.

## SECTION VI. HANDLING PROTECTED INFORMATION

### A. Safeguarding Confidential Information.

Any individual admitted under this Order must take all necessary precautions to prevent disclosure of Confidential Information, including but not limited to physically securing, safeguarding, and restricting access to the Confidential Information.

### B. Confidential Information After Litigation Concludes.

1.      Disposal Of Confidential Information. Except as provided below, within 90 days after this litigation has terminated, including any time for appeal, any party receiving Confidential Information shall dispose of the Confidential Information. The Department of Justice and the affected agency may each maintain the number of copies of protected material received from any producing party that is required by law, regulation, or policy. To the extent that any other party learns on or before 90 days after the termination of this litigation that such party is required by law, regulation, or policy to maintain copies of confidential material received from any producing party, that other party's counsel may retain such protected information only after notifying the Department of Justice of such law, regulation, or policy.

2.      Retention of Confidential Information. For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Order.

3.      Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information.

4.      In addition to retention rights described above, counsel for the United States may maintain copies of any documents designated Confidential Information as required by law.

### SECTION VII. RELIEF FROM AND BREACH OF THIS ORDER

### A.     Objecting to the Designation of and De-designating Confidential Material.

1.      A Producing Party may de-designate information as Confidential Information at any time by notifying the Receiving Party and furnishing a copy of the information without the Confidential Information legend.

2. A Receiving Party may at any time object to the designation of information as Confidential Material. To do so, the Challenging Party shall: (1) notify the producing party, in writing, of the disagreement, explaining the basis for the challenge; and (2) confer with the Producing Party to attempt to resolve the matter. If no accord is reached, the Challenging Party may, on notice to the Producing Party, file a motion requesting that the Court order that the information be deemed not Confidential Information, setting forth the basis for the challenge. The Producing Party will then have the burden to establish that the designation is proper by a preponderance of the evidence or as a matter of law. Until the Court resolves the matter, the disputed information must be treated as Confidential Material.

### B. Breach of this Order

If a party discovers any breach of any provision of this Order, the party must promptly report the breach to the other party and immediately take appropriate action to cure the violation, including immediately notifying any person or entity to whom Confidential Information was improperly disclosed that such disclosure contained Confidential Information subject to this Order, preclude further dissemination or use by such person or entity to whom the disclosure was made, and retrieve any Confidential Information that may have been disclosed to individuals not admitted under this Order.

IT IS SO ORDERED.

s/Eric G. Bruggink<br>
ERIC G. BRUGGINK<br>
Senior Judge