IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| EDUCATION CREDITOR TRUST, *et al.*,<br><br>                    *Plaintiffs*,<br><br>    v.<br><br>THE UNITED STATES,<br><br>                    *Defendant.* | Case No. 24-775-EGB<br>(Senior Judge Eric G. Bruggink) |

**PLAINTIFFS' RESPONSE TO MOTION FOR A STAY OF
DISCOVERY IN LIGHT OF LAPSE OF APPROPRIATIONS**

1.      Education Creditor Trust and U.S. Bank Trust Company, National Association, as successor to U.S. Bank National Association, solely in its capacity as Administrative Agent and Collateral Agent for the Lenders, acting at the direction of the Lenders under and in accordance with the terms of the EDMC Credit Agreement (in such capacities, the "Agent," and together with Education Creditor Trust, the "Plaintiffs")[1] submit this response to Defendant's *Motion for a Stay of Discovery in Light of Lapse of Appropriations* [ECF 32] (the "Motion").

2.      With less than 30 minutes notice, counsel for Defendant sent Plaintiffs a copy of its proposed motion to stay. Counsel for Plaintiffs timely responded to Defendant's counsel specifically advising her that Plaintiffs "do not object to the requested stay." Plaintiffs' exact response to Defendant's request for consent of this Motion was:

---

[1] Education Creditor Trust is a lender under the EDMC Credit Agreement (such lenders, collectively, the "Lenders"), and constitutes "Requisite Lenders" with authority to direct enforcement actions thereunder. U.S. Bank, as Agent, has the authority to act on behalf of the Lenders, at the direction of the Requisite Lenders.

>Plaintiffs do not object to the requested stay, however, Plaintiffs request that Defendant's counsel notify the Court as soon as Congress has appropriated funds for the Department. Thereafter, Plaintiffs request that the Court order the parties to propose a new schedule with deadlines to be extended no more than is commensurate with the duration of the lapse in appropriations – *i.e.*, each deadline would be extended by no more than the total number of days of the lapse in appropriations.

*See* Exhibit A hereto.

3. Despite Plaintiffs request, in three separate emails, that Defendant's counsel include Plaintiffs' actual response to her request for consent, Defendant refused to include Plaintiffs' response in its Motion and instead misrepresented to the Court that Plaintiffs "object" to Motion. *See id.*

4. Plaintiffs repeat their position here in response to Defendant's Motion and respectfully request that, should the Court grant the Motion, the Court order Defendant's counsel to notify the Court as soon as Congress has appropriated funds for the Department of Justice, and thereafter, Plaintiffs request that the Court order the parties to propose a new schedule with deadlines to be extended no more than is commensurate with the duration of the lapse in appropriations – *i.e.*, each deadline would be extended by no more than the total number of days of the lapse in appropriations.

Dated: October 1, 2025

      By:    */s/ James A. Newton*
James A. Newton (NY Reg. No. 4855359)
Andrew Kissner (NY Reg. No. 5507652)
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Email: JNewton@mofo.com
      AKissner@mofo.com

*Counsel of Record to Plaintiff Education Creditor Trust*

      By:    */s/ Lawrence S. Sher*
Lawrence S. Sher (D.C. Bar No. 430469)
T. Reed Stephens (D.C. Bar No. 440194)
**WINSTON & STRAWN LLP**
1901 L Street, NW
Washington, D.C. 20036
Telephone: (202) 282-5022
Email: LSher@winston.com

*Counsel of Record for Plaintiff U.S. Bank*

Carey D. Schreiber (NY Reg No. 2824662)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-3547
Email: CSchreiber@winston.com

*Of Counsel to Plaintiff U.S. Bank*