IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| EDUCATION CREDITOR TRUST, *et al.*,<br><br>  *Plaintiffs*,<br><br>v.<br><br>THE UNITED STATES,<br><br>  *Defendant*. | Case No. 24-775-EGB<br>(Senior Judge Eric G. Bruggink) |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Education Creditor Trust and U.S. Bank Trust Company, National Association, as successor to U.S. Bank National Association, solely in its capacity as Administrative Agent and Collateral Agent for the Lenders, acting at the direction of the Lenders under and in accordance with the terms of the EDMC Credit Agreement (in such capacities, the "Agent," and together with Education Creditor Trust, "Plaintiffs")[1] move this Court to compel defendant the United States ("Defendant") to comply with its obligation to produce documents and answer interrogatories in response to discovery requests that have been pending for nearly eight months. Specifically, Plaintiffs seek an order directing Defendant to respond to ROG No. 14[2] and to produce documents in response to Amended Request[3] Nos. 1-12 and 14-19, by March 9, 2026.

Plaintiffs served their initial requests for production on June 8, 2025. To date, Defendant has produced only 568 documents. The 568 documents consist of program participation

---

[1] Education Creditor Trust is a lender under the EDMC Credit Agreement (such lenders, collectively, the "Lenders") and constitutes "Requisite Lenders" with authority to direct enforcement actions thereunder. U.S. Bank, as Agent, has the authority to act on behalf of the Lenders, at the direction of the Requisite Lenders.

[2] "ROG No. 14" refers to interrogatory number 14 of *Plaintiffs' Amended First Set of Interrogatories* attached hereto as Exhibit 1.

[3] "Amended Requests" refers to *Plaintiffs' Amended First Set of Requests for the Production of Documents* attached hereto as Exhibit 2.

1

agreements, some manuals, and copies of federal regulations. Defendant has not produced documents responsive to Amended Request Nos. 1-12, 14, 15, and 19, including email or text communications.

In addition, while the Defendant has agreed to produce documents given to the OIG, Defendant has objected to and has stated that "the Government will not be producing" other documents and information responsive to ROG No. 14, and RFP Nos. 5, 16, 17 and 18 relating to the DOE OIG Report based on Defendant's assertion that such documents and materials are protected from disclosure by the deliberative process privilege and investigatory files privilege. Defendant also has refused to produce information in response to these same discovery requests contending that the discovery requests "are unrelated to plaintiffs' breach of contract claims; the OIG Report Findings are unrelated to plaintiffs' privity of contract theories, plaintiffs' theory that the Letter of Credit constitutes a contract, or the full extent of Education Management's liabilities to the [DOE] under its PPA." Exhibit 3, Interrogatory Response No. 14. As demonstrated below, Defendant has not met its burden to prove that the deliberative process or investigative files privileges apply to any withheld documents or information, nor has Defendant satisfied any of the procedural or substantive requirements for withholding documents on these privilege grounds. Defendant's refusal to produce documents responsive to these requests on relevancy grounds also must be rejected and the Court should compel production because Defendant's disagreement with Plaintiffs' allegations or the legal sufficiency of Plaintiffs' contract theories is not a valid basis to refuse production. These requests seek relevant documents related to Defendant's breach of contract and Plaintiffs' discovery is not limited by the privity or other issues as framed by Defendant in its objections.

Given that this Court ordered that all fact discovery conclude by May 13, 2026, Plaintiffs

MF-366473078

file this motion to compel to ensure that document production and depositions can be completed by that date. *See* Order [ECF 38].

## BACKGROUND

On June 8, 2025, Plaintiffs served (i) *Plaintiffs' First Set of Interrogatories to the United States of America* (the "First Set of Interrogatories"); (ii) *Plaintiffs' First Set of Requests for Admission to the United States of America*; and (iii) *Plaintiffs' First Set of Requests for Production to the United States of America* (the "First Document Requests"). On July 8, 2026, Defendant served its responses and objections to the First Document Requests (the "Responses & Objections"). *See* Exhibit 4. In response to request numbers 1-3, 5-12, 14-15, and 19 of the First Document Requests, Defendant "agree[d] to produce any non-privileged documents . . . at a time to be agreed on by the parties." *Id*.

On August 6, 2025, Plaintiffs sent Defendant a letter responding to certain of Defendants' objections to the First Document Requests. *See* Exhibit 5. In particular, Plaintiffs explained that with respect to requests 16-18, Plaintiffs were merely seeking materials provided by the Department of Education to the Office of Inspector General (the "OIG") and other documents and communications tending to reflect the Department of Education's impressions of findings in the report issued by the OIG. *Id*. at 5-6. On August 14, 2025, Defendant responded that it would produce documents that the Department of Education provided to the OIG. *See* Exhibit 6 at 4. Defendant's letter also repeated prior objections, including taking issue with the use of the defined term "Permissible Uses." *Id*. at 2-3.

On August 7 and September 4, 2025, the government produced about 560 transaction documents, manuals, and government regulations.

On September 10, 2025, in an effort to resolve Defendant's objections to the First Document Requests, Plaintiffs served the Amended Requests along with *Plaintiffs' Amended First Set of Interrogatories to the United States of America* and *Plaintiffs'* and *Amended First Set of Requests for Admission to the United States of America*, which addressed certain of the issues raised in the Defendant's Responses & Objections. The deadline to respond to these amended discovery requests was October 10, 2025.

From October 2 through November 17, 2025, discovery was stayed in this matter due to the government shut down and associated lapse in appropriations. On November 21, 2025, the Court issued an amended scheduling order extending deadlines that had lapsed during the shutdown. *See* Docket No. 38 (the "Scheduling Order"). The Scheduling Order required that "[a]ny written discovery deadlines that were pending as of the lapse of appropriations shall be extended forty-three days." *Id*. It also ordered that all merits fact discovery be completed by May 13, 2026. *Id*.

Defendant failed to respond to the Amended Requests by November 24, 2025, the extended deadline to do so. After Plaintiffs' counsel sent repeat followed-up correspondences to Defendant's counsel, on January 2, 2026, Defendant finally responded with a letter blaming Plaintiffs for not reminding Defendant about its upcoming discovery deadline and proposing that Defendant would respond to the amended discovery requests on January 16, 2026. *See* Exhibit 7 at 1-2.

On January 16, 2026, Defendant served its responses and objections to the Amended Requests (the "Amended Responses & Objections").[4] The Amended Responses & Objections

---

[4] A copy of the Amended Responses & Objections is attached as Exhibit 8.

stated again that Defendant would "produce any non-privileged documents . . . . at a time to be agreed on by the parties" in response to Amended Request Nos. 1-12, 14, 15, and 19.

On January 26, 2026, Plaintiffs followed up with Defendant again, asking when Defendant intends to make its further promised document productions and requesting that Defendant respond to Plaintiffs by January 29, 2026. *See* Exhibit 9.

On February 2, 2026, counsel for Defendant sent another letter. The letter claimed that the noticed deposition of Tara Sikora, the DOE representative who verified Defendant's Responses to Plaintiff's Amended First Set of Interrogatories, is "premature," asserting that Plaintiffs' "fail to substantiate their need for depositions at this time," and that the noticed deposition should be postponed until after the parties have completed producing documents. *See* Exhibit 10. The letter also states that the Defendant intends to produce additional documents "in the coming days." *Id*. at 3. However, as of the filing of this motion, Plaintiffs have not received additional document productions and Defendant has indicated its unwillingness to commit to a specific date for production. *Id*.

The discovery cut off in this matter is in approximately three months, but Defendant has not produced documents responsive to Plaintiffs' outstanding Amended Requests and refuses to produce Defendant's witnesses for deposition until after it has done so. Given Defendant's refusal to give any indication of when it will produce documents it has agreed to produce and to even discuss scheduling depositions, Plaintiffs are forced to seek this Court's intervention.

## **ARGUMENT**

Rule 37 of the Rules of the Court of Federal Claims (the "RCFC") states that "[A] party may move for an order compelling disclosure or discovery." RCFC 37(a)(1). This includes moving for an order compelling production if "a party fails to produce documents . . . as requested

under RCFC 34." RCFC 37(a)(3)(B). "In acting on a motion to compel discovery, the court exercises broad discretion, guided by the court's rules." *New Orleans Reg'l Physician Hosp. Org., Inc. v. United States*, 122 Fed. Cl. 807, 815 (2015). "Generally, discovery rules are to be accorded a broad and liberal treatment." *Id*. (quotation omitted).

### I.   The Court Should Compel Defendant To Produce Documents It Agreed To

Rule 34 requires that responses to document requests be made within a "reasonable time." RCFC 34(b)(2)(B). Here, and as noted, Plaintiffs served their document requests on Defendant in June 2025. In its Responses & Objections, Defendant raised purported objections to certain of the requests, but otherwise committed to produce responsive documents. When Plaintiffs served Amended Responses & Objections that addressed certain of Defendant's stated concerns, Defendant reiterated its commitment to produce documents in response to Request Nos. 1-12, 14, 15, and 19.

Yet nearly eight months after the initial requests were served, Defendant has produced only 568 documents (which it did in August and September 2025), and has refused to engage Plaintiffs in discussions regarding a timeline for production of the remaining documents and communications it already agreed to produce. Defendant's delay in production has long passed the point of being "reasonable." *See* RCFC 34(b)(2)(B).

This Court has ordered that fact discovery conclude by May 13, 2026—only three short months away. In light of this discovery deadline, Plaintiffs have noticed the deposition of Ms. Sikora, and plan to notice others shortly, and Plaintiffs are ready to move forward with those depositions. Plaintiffs need not "substantiate their need" for these depositions under RCFC 26 or 30 as Defendant erroneously contends, nor has Defendant filed any motion for a protective order to limit the depositions Plaintiffs have timely and properly noticed back on December 18, 2026.

Because Plaintiffs have been unable to obtain through the meet-and-confer process a commitment from Defendant that it will produce documents in time to prepare and take depositions of key Government witnesses, Plaintiffs ask the Court to order the Defendant to produce all documents it agreed to produce in response to Amended Request Nos. 1-12, 14, 15, and 19 of the Amended Document Requests **by no later than March 9, 2026;** and that Defendant produce Ms. Sikora for deposition promptly.

## II. The Court Should Compel Defendant To Respond To ROG 14 & RFPs 5, 16-18

The deliberative process privilege only protects "pre-decisional" documents of a government agency engaging in policymaking that were "prepared to assist an agency decision-maker in arriving at his decision." *Dobyns v. United States*, 123 Fed. Cl. 481, 487 (Fed. Cl. 2015) (citation omitted). It does not apply to documents unrelated to the agency policy-making process, nor does it protect "compilation[s] of facts discovered during an investigation." *Id.* at 488. As such, the Court previously has found that materials related to a Department of Justice OIG and Office of Professional Responsibility ("OPR") investigation were not protected by the deliberative process privilege because it was "clear that neither the OPR nor the OIG were adopting a policy . . . . They were conducting an investigation." *Id.*

While the investigatory files privilege (also known as the law enforcement privilege) might plausibly protect certain of OIG's internal files generated in connection with its investigation (*Dobyns*, 123 Fed. Cl. at 488), that privilege is generally applied only to protect confidential sources and methods relating to an ongoing investigation—and even then will only be available upon a multi-factor affirmative showing by the government. *See In re Sealed Case*, 856 F.2d 268, 272 (D.C.Cir.1988). Specifically, to establish the investigative files privilege, the government must first establish, by affidavit: (1) that the files/information were compiled for law enforcement

7

MF-366473078

purposes and (2) the sources provided information under either an express assurance of confidentiality or circumstances from which such an assurance of confidentiality could be reasonably inferred. *See R.C.O. Reforesting v. United States*, 42 Fed. Cl. 405 (1998). The Defendant has not provided any affidavit in support of its assertion of either the deliberative process or investigative files privilege assertions, despite Plaintiffs' prior demand, back on August 6, 2025, that Defendant "identify specific documents or portions thereof that Defendant intends to withhold from production based on an alleged privilege and provide a sworn statement from a senior official at the Department of Education with control over the documents or information Plaintiffs have requested (1) stating that he or she has reviewed the relevant documents and (2) explaining why and how they reflect pre-decisional or deliberative communications or why the disclosure of documents and communications provided to OIG years ago would jeopardize an ongoing investigation." *See* Exhibit 2.

Here, the materials Plaintiffs seek do not implicate the integrity of OIG's investigatory or decisional processes. As in *Dobyns*, the OIG in this case was not engaging in policymaking at all, but rather investigating the events that transpired at the Department of Education in connection with the sale of the EDMC schools to Dream Center (and later, Education Principle Foundation). Nor is there any ongoing investigation by OIG to protect in this case.

More fundamentally, Plaintiffs do not request information relating to OIG's investigative or deliberative process, or the impressions of and pre-decisional debates among OIG staff. Plaintiffs merely seek discovery of the materials provided by **the Department of Education** to OIG, and other documents and communications which reflect **the Department's** impressions of the findings in the OIG Report. Although the Defendant has agreed to produce documents that were provided by DOE to the OIG, it continues to assert the deliberative process and investigative

file privileges as objections in its responses to Plaintiffs' Amended Requests RFP 5, 16 and 17 and Defendant has not agreed to produce documents and communications reflecting the Department's impressions of the OIG Report.

Additionally, Defendants' objections and refusal to produce responsive documents on asserted relevance grounds are also meritless. Under RCFC 26, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and "that relevance is broadly construed." *Banks v. United States*, 90 Fed. Cl. 707, 710 (2009) (quotation omitted); RCFC 26(b)(1). "Federal Rule of Civil Procedure 26, to which RCFC 26 corresponds, has been broadly construed to 'encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Oenga v. United States*, 78 Fed. Cl. 427, 431–32 (2007) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Defendant has stated that "the Government will not" be producing documents and "will not respond" to Plaintiffs' ROGG 14 and RFPs 5, 16-18, because Defendant claims these requests "are unrelated to plaintiffs' breach of contract claims; the OIG Report Findings are unrelated to plaintiffs' privity of contract theories, plaintiffs' theory that the Letter of Credit constitutes a contract, or the full extent of Education Management's liabilities to the [DOE] under its PPA." *See* Amended Responses & Objections to RFPs 5, 16-18. Defendant's refusal to produce based on these relevancy objections, must be rejected, however, because "[d]iscovery is not limited to issues raised by the pleadings, nor to a case's merits, as a variety of fact-oriented issues, among others, may arise during litigation." *Id.*, *Oenga,* 78 Fed. Cl. at 431–32.

Plaintiffs' well-pled claims in this case are that the Defendant used the proceeds of the letter of credit in a manner that it was not entitled to and that this amounted to a breach of contract. As this Court previously has acknowledged, the OIG Report concluded that the DOE used the

9

MF-366473078

letter of credit proceeds contrary to the permissible uses listed in the letter of credit.  *See* OIG Report at 87.  Accordingly, there can be no argument that the DOE's impressions of this finding in the OIG Report are relevant to Plaintiffs' claims and therefore the Court should order Defendant to respond to these outstanding requests.

Given that information responsive to ROG 14 and RFPs 5 and 16-18 are not privileged and are unquestionably relevant, the Court should compel the Defendant to respond to ROG 14 and produce documents responsive to RFPs 5 and 16-18 **by no later than March 9, 2026**.

*[Remainder of page intentionally left blank]*

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request this Court enter an order compelling Defendant to response to ROG 14 and produce documents in response to Amended Request Nos. 1-12 and 14-19 and granting such other relief as may be just and proper.

Dated: February 6, 2026

                        By:    */s/ James A. Newton*
                               James A. Newton (NY Reg. No. 4855359)
                               Andrew Kissner (NY Reg. No. 5507652)
                               **MORRISON & FOERSTER LLP**
                               250 West 55th Street
                               New York, New York 10019
                               Telephone:  (212) 468-8000
                               Email:  JNewton@mofo.com
                                           AKissner@mofo.com

                               *Counsel of Record to Plaintiff Education Creditor Trust*

                        By:    */s/ Lawrence S. Sher*
                               Lawrence S. Sher (D.C. Bar No. 430469)
                               T. Reed Stephens (D.C. Bar No. 440194)
                               **WINSTON & STRAWN LLP**
                               1901 L Street, NW
                               Washington, D.C. 20036
                               Telephone:  (202) 282-5022
                               Email:  LSher@winston.com

                               *Counsel of Record for Plaintiff U.S. Bank*

                               Carey D. Schreiber (NY Reg No. 2824662)
                               **WINSTON & STRAWN LLP**
                               200 Park Avenue
                               New York, NY 10166-4193
                               Telephone:  (212) 294-3547
                               Email:  CSchreiber@winston.com

                               *Of Counsel to Plaintiff U.S. Bank*

## **CERTIFICATE OF COMPLIANCE WITH RCFC 7.3**

Pursuant to RCFC 7.3, I hereby certify that Plaintiffs have in good faith conferred with opposing counsel regarding the relief requested in this motion.  Plaintiffs contacted Defendant's counsel via email to inquire as to Defendant's position with respect to the motion.  As of the filing of the motion, Plaintiffs have not heard back from Defendant; however, Plaintiffs understand from prior communications that Defendant intends to oppose the motion.

MF-366473078